# EXHIBIT 2

# Skadden, Arps, Slate, Meagher & Flom llp

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301
———
TEL: (650) 470·4500

FAX: (650) 470·4570

www.skadden.com

DIRECT DIAL
650·470·4560
DIRECT FAX
650·798·6513
EMAIL ADDRESS
DAVID.HANSEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 24, 2014

**By Email & First Class Mail**

Lisa Meyerhoff, Esq.
Baker & McKenzie LLP
Bank of America
700 Louisiana, Suite 3000
Houston, TX 77002-2871

> RE:   Lilith's Copyright Claim (Apple Reference No. APP39404)

Dear Ms. Meyerhoff:

As we discussed, this firm is counsel to uCool, Inc. ("uCool"). I write in response to the claims made by your client, Lilith Games (Shanghai) Co., Ltd. ("Lilith") to Apple, Inc.'s U.S. App Store (Apple Reference No. APP39404) concerning uCool's Heroes Charge App. This letter is written pursuant to Federal Rule of Evidence 408 and applicable state and foreign counterparts.

For the reasons discussed herein, Lilith's claims are meritless.

You state that, based on an "initial investigation," Lilith believes that Heroes Charge infringes copyrights in Lilith's DOTA Legends game. You do not specify, however, where the alleged infringement occurred or what law governs Lilith's claims. This is a fundamental omission given the fact that the copyright laws of each country differ and they do not apply extraterritorially. *See, e.g., Subafilms, Ltd. v. MGM-Pathe Comm'ns Co.*, 24 F.3d 1088, 1095-96 (9th Cir. 1994) (*en banc*) ("The 'undisputed axiom,' that the United States' copyright laws have no application to extraterritorial infringement … consistently has been reaffirmed.") (internal quotations and citations omitted); *Allarcom Pay Television Ltd. v. General*

Lisa Meyerhoff, Esq.
October 24, 2014
Page 2


*Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) ("[F]ederal copyright law does not apply to extraterritorial acts of infringement.").

As but one illustration of the necessity of country-specific analysis, you state that Lilith is a Chinese company and that it "owns China copyright registrations for the artistic design and expression of more than 80 characters" in DOTA Legends. Under these circumstances, the issue of whether Lilith owns the alleged copyrights would be determined under Chinese law. *See, e.g., Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011); *Entral Group Int'l, LLC v. Honey Café on 5th Inc.*, 2006 WL 3694584, at *4 (E.D.N.Y. Dec. 14, 2006) (Chinese law applies to issue of ownership where alleged works were created in China, presumably by Chinese authors, and first published in China). The "representative" China copyright registrations you provided list "Hong'an Li" as the "author" (and thus the presumptive owner) of the works and you have not provided any information supporting Lilith's ownership claim under Chinese law.

Even assuming the validity of Lilith's ownership claims, we understand that DOTA Legends is only available in China. Heroes Charge has never been available in China so it cannot have infringed Lilith's alleged Chinese copyrights.

Based on the date of Lilith's complaint to Apple, it appears that Lilith's claims concern the beta-test version of Heroes Charge that uCool ran for a limited time beginning in New Zealand. Lilith does not claim to have copyright registrations in New Zealand or in any country other than China, including the United States. Lilith has not claimed any actual damages based on the availability of Heroes Charge in New Zealand or other countries where DOTA Legends is not available, and, contrary to your statements, its failure to obtain copyright registrations precludes recovery of statutory damages or attorney's fees. *See* 17 U.S.C. § 412 (prohibiting statutory damages and attorney's fees if the work is not registered before infringement commences, or within three months of the work's first publication).

Moreover, Heroes Charge was significantly altered as a result of the beta test and it is completely different from DOTA Legends in all material respects. These differences are well illustrated by the following comparison of the DOTA Legends characters shown in the China copyright registrations you provided with the post-beta-test Heroes Charge characters:

Lisa Meyerhoff, Esq.
October 24, 2014
Page 3

| DOTA Legends: Blue Fat | Heroes Charge: Bokka the Psychopath |
|---|---|
|  | |

| DOTA Legends: Omnipotent Knight | Heroes Charge: Ryst the Cleric |
|---|---|
|  | |

| DOTA Legends: Flintlock | Heroes Charge: Perrin the Sniper |
|---|---|
|  | |

Lisa Meyerhoff, Esq.
October 24, 2014
Page 4

These characters are nothing alike. They certainly are not "strikingly similar" or "identical" as you claim. The same is true for all of the other post-beta-test aspects of Heroes Charge.

At this point, any similarities between Heroes Charge and DOTA Legends are due solely to the fact that both are multiplayer online battle arena ("MOBA") games that both use stock features that are standard to such games. Under U.S. law, when similar features in a videogame are "as a practical matter indispensable, or at least standard, in the treatment of a given [idea]," such "stock" features are treated like ideas and "are not protectable by copyright. *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir. 1982) (finding elements of "maze-chase game" primarily unprotectable as "standard" or "common"); *Tetris Holding, LLC v. XIO Interactive, Inc.*, 863 F. Supp. 2d 394, 403 (D.N.J. 2012) ("[W]hen similar features in a videogame are as a practical matter indispensable, or at least standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright.") (citation omitted). *See also Frybarger v. Int'l Bus. Machs. Corp.*, 812 F.2d 525, 530 (9th Cir. 1987) (same; quoting *Atari*); *Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1374 (10th Cir. 1997) ("[E]xpressive elements of a work of authorship are not entitled to protection against infringement if they are standard, stock, or common to a topic, or if they necessarily follow from a common theme or setting."). At a minimum, these features are not "virtually identical" between the two games, which is the appropriate standard for such "stock" elements even assuming they are protectable by copyright. *See, e.g., Atari*, 672 F.2d at 617.

You state that Lilith has "registered its copyright in the computer software" for DOTA Legends, but you do not allege that uCool copied any of this code. Such an allegation would be completely unfounded and false.

Finally, the characters in DOTA Legends are not original, copyrightable works properly eligible for registration. *See Feist Publ'ns, Inc. v. Rural Tel. Service*, 499 U.S. 340, 345 (1991) ("To qualify for copyright protection, a work must be original to the author."). Rather, they appear to be unauthorized derivative works of copyrighted characters found in earlier multiplayer battle games such as Defense of the Ancients ("DOTA") and DOTA 2 (from which Lilith also takes the names of its game and characters), as well as World of Warcraft and League of Legends. As such, they would not be entitled to copyright protection under U.S. law, *see* 17 U.S.C. § 106(2) (granting copyright holders the exclusive right to prepare derivative works), and they would not qualify for registration.

uCool owns significant intellectual property rights and it respects the intellectual property rights of others. Although we are willing to discuss this matter

Lisa Meyerhoff, Esq.
October 24, 2014
Page 5


further, we believe that the foregoing should put this matter to rest and we request
that Lilith promptly notify Apple that it is withdrawing its complaint.

Very truly yours,



David W. Hansen