# EXHIBIT 5

| | |
|---|---|
| **From:** | Hansen, David W <David.Hansen@skadden.com> |
| **Sent:** | Friday, March 27, 2015 11:27 AM |
| **To:** | Rankin, Bart; AppStoreNotices@apple.com |
| **Cc:** | 'hurui@lilith.sh'; 'xinwen@lilith.sh'; Ben Gifford (b.gifford@ucool.com); UCool Legal (legal@ucool.com); Loo, Shih Yann; Flaim, John G; He, Guangyue |
| **Subject:** | RE: Apple Inc. (our ref# APP39404) |

Dear Max:

uCool has again analyzed the computer code for its Heroes Charge app and still does not believe that it includes any copyrighted code from Lilith's DOTA Legends app. uCool believes that Lilith's request that Apple remove Heroes Charge from the App Store and disable uCool's developer's account is inappropriate and should again be rejected for a number of reasons.

***First***, Lilith bases its latest request to Apple on a screen shot and video demonstration that purport to show that Lilith's secret copyright notice is embedded in Heroes Charge. But the Lilith copyright notice does not appear in the Heroes Charge code and, despite extensive efforts, uCool has not been able to repeat Lilith's demonstration. uCool therefore questions the legitimacy of Lilith's demonstration and it would welcome a meeting with Lilith and its representatives to test the demonstration's legitimacy.

***Second***, uCool also questions the legitimacy of Lilith's demonstration based on Lilith's complete failure to even allude to its new copyright notice claim in any of its many communications with Apple and uCool during the more than eight months since Lilith first contacted Apple on August 14, 2014. Lilith only first raised the copyright notice issue in its March 23, 2015 email.

In fact, as you will recall, Lilith's claims were previously based on its supposed comparison of the Heroes Charge and DOTA Legends code. As Lilith's counsel stated in her November 12, 2014 email to Apple:

> Lilith software personnel have compared its copyright-registered software code of its game with uCool's software code for the Heroes Charge game. The similarities in code **exceed 90%**. That is not coincidental.

If Lilith's embedded copyright notice claim is legitimate, it would have been much quicker and easier to establish and show than a full code comparison and Lilith would have raised this issue at the outset.

In its November 21, 2014 response, uCool pointed out that it had never authorized Lilith access to its code and raised the possibility that either Lilith had not actually analyzed the Heroes Charge code or that it might have improperly obtained the code through corporate espionage or in violation of the DMCA. Lilith has not responded to this issue and it now appears to have completely abandoned its claim of "greater than 90% code similarity" in favor of its new "pop-up" demonstration.

uCool offered in its November 21 response to "put the lie to Lilith's allegations" by having an independent expert compare the code for the two apps. uCool remains willing to immediately have such an analysis conducted. Again, if Lilith's claims are legitimate, there should be no reason to refuse uCool's proposal.

***Third***, uCool further questions the legitimacy of Lilith's demonstration because it was not conducted on a pristine, new iPad fresh from the Apple store as suggested by Lilith and it does not appear to have been

conducted on March 9, 2015 as Lilith claims. On the first point, the video shows that the iPad already had 4 GB of stored data, including multiple versions of Lilith's game app. The video also shows that Lilith had installed an app (91 Assistant) used to "jailbreak" iPad's. On the second point, the materials included with Lilith's March 23, 2015 email show that the iPad was purchased on March 9, 2015, but the video shows that the version of Heroes Charge that was downloaded was version 1.7.0.356, which was no longer available on that date. Heroes Charge version 1.7.0.356 was replaced by version 1.7.0.378 on March 3, 2015, and that version was in turn replaced by version 1.8.0.392 on March 6, 2015. The inaccuracy of Lilith's claims is further shown by the fact that the receipt included with Lilith's March 23, 2015 email shows that the iPad was purchased at 3:51 PM, but the time on the iPad in the video starts around 2:52 PM.

The video also appears to have been sped up and cropped. A longer version of the video posted to YouTube on March 22, 2015 was removed on March 25 "by the user" (presumably Lilith). *See* https://www.youtube.com/watch?v=EjVmfOqrHfM.

Again, if Lilith actually stands by its new copyright notice claims, uCool welcomes a live demonstration under properly controlled circumstances.

*Fourth*, Lilith's email notes that it recently filed suit against uCool in federal court in the Northern District of California, and states that "Lilith intends to expeditiously move that Court for preliminary and permanent injunctive relief." Lilith similarly told Apple in its initial email on August 14, 2014 that it was "in the process of taking other legal actions against the developer of [the Heroes Charge] app." uCool is a small company and it would suffer devastating and irreparable harm were Apple to remove Heroes Charge from the App Store and disable its developer's account. This is exactly what Lilith wants. Lilith has had many months to seek a judicial determination on the merits of its claim and it has chosen not to do so. Lilith obviously is not being irreparably harmed by the availability of Heroes Charge or it would have long ago sought injunctive relief. Lilith also has refused uCool's offers to present the merits of its copying claims to an independent expert for resolution. Under these circumstances, and given Lilith's changing positions and the questionable nature of its latest "evidence," fundamental principles of fairness and due process militate against the summary execution of uCool by Apple requested by Lilith. At this point, Lilith should be required to prove its claim in court.

*Finally*, if Apple is even considering agreeing to Lilith's request, uCool respectfully asks that Apple provide uCool an opportunity to immediately petition the federal court for relief. uCool believes Apple should seriously question why Lilith will not agree to uCool's offer to resolve this issue short of litigation and Lilith's failure for more than eight months to have this issue fully and properly vetted before a court. Also, uCool has agreed to fully indemnify Apple in connection with Lilith's claims. But if Apple nonetheless is inclined to grant Lilith the draconian relief it seeks, it should at a very minimum allow uCool the opportunity to have this issue promptly resolved by the court. Lilith has waited many months and a short while longer will cause it no harm, particularly when weighed against the severe and irreparable harm that uCool will immediately suffer if Apple disables Heroes Charge.

Thank you for your patient assistance with this matter. Please let us know if you would like anything further.

Very truly yours,

David W. Hansen
Counsel for uCool, Inc.

**David W. Hansen**
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Palo Alto | California | 94301-1908
T: 650.470.4560 | F: 650.798.6513
David.Hansen@Skadden.com

**From:** Rankin, Bart [mailto:W.Rankin@bakermckenzie.com]
**Sent:** Friday, March 27, 2015 6:32 AM
**To:** AppStoreNotices@apple.com
**Cc:** 'hurui@lilith.sh'; 'xinwen@lilith.sh'; Ben Gifford (b.gifford@ucool.com); UCool Legal (legal@ucool.com); Hansen, David W (PAL); Loo, Shih Yann; Flaim, John G; He, Guangyue
**Subject:** RE: Apple Inc. (our ref# APP39404)

Dear Max,

On Monday of this week, I wrote on behalf of Lilith Games (Shanghai) Co. Ltd. ("Lilith") regarding the above-referenced matter. In that e-mail, which I have attached here for your reference, I provided direct and undeniable proof that uCool, Inc.'s game Heroes Charge is infringing Lilith's copyrighted software. While uCool's counsel stated that he would be sending a response, it is now Friday, and uCool has neither reached out to Lilith in any way to resolve this matter, nor has it responded to my correspondence of March 23, 2015. Heroes Charge, however, remains available for download on the App Store.

There is simply no reason to further delay in granting Lilith's request, i.e., that uCool's game Heroes Charge be taken down from the App Store immediately. If you have any questions, I can be available to discuss the same, but please provide a responsive e-mail confirming that Apple will, in fact, be removing Heroes Charge from the App Store at your earliest possible convenience.

Thank you and best regards,

Bart Rankin


Bart Rankin
Baker & McKenzie LLP | Partner
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Tel: +1 214 978 3031
Fax: +1 214 978 3099
bart.rankin@bakermckenzie.com



GLOBAL LAW FIRM OF THE YEAR:
**INTELLECTUAL PROPERTY**
CHAMBERS 2013 AND 2014

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** Hansen, David W [mailto:David.Hansen@skadden.com]
**Sent:** Monday, March 23, 2015 7:11 PM
**To:** 'appstorenotices@apple.com'
**Cc:** 'hurui@lilith.sh'; 'xinwen@lilith.sh'; Ben Gifford (b.gifford@ucool.com); UCool Legal (legal@ucool.com); Rankin, Bart
**Subject:** RE: Apple Inc. (our ref# APP39404)

Dear Max:

3

We are in receipt of Lilith's below email in which Lilith again alleges that uCool copied Lilith's computer code in creating the Heroes Charge app. As stated in our prior responses, Lilith's allegation is untrue. We are in the process of preparing a complete response to Lilith's latest email which we will provide to Lilith and Apple shortly.

Thank you.

David Hansen
Counsel for uCool, Inc.

David W. Hansen
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Palo Alto | California | 94301-1908
T: 650.470.4560 | F: 650.798.6513
David.Hansen@Skadden.com


---------- Forwarded message ----------
From: "App Store Notices" <appstorenotices@apple.com>
Date: Mar 23, 2015 1:51 PM
Subject: Apple Inc. (our ref# APP39404)
To: <legal@ucool.com>
Cc: <b.gifford@ucool.com>, <hurui@lilith.sh>, <xinwen@lilith.sh>

Dear David,

**Please include APP39404 in the subject line of any future correspondence on this matter.**

莉莉丝科技（上海)有限公司 (LILITH GAMES(SHANGHAI)CO.,LTD) has advised that this matter is still not resolved. Please contact 莉莉丝科技（上海)有限公司 (LILITH GAMES(SHANGHAI)CO.,LTD) immediately regarding this issue. You can reach 莉莉丝科技（上海)有限公司 (LILITH GAMES(SHANGHAI)CO.,LTD) through: Rui Hui (email: hurui@lilith.sh), or Xinwen (王信文) (email: xinwen@lilith.sh).

As you know, it is your responsibility to resolve this issue directly with 莉莉丝科技（上海)有限公司 (LILITH GAMES(SHANGHAI)CO.,LTD), and further, that you are responsible for any liability to Apple in connection with this matter. We look forward to confirmation from you and 莉莉丝科技（上海)有限公司 (LILITH GAMES(SHANGHAI)CO.,LTD) that this issue has been resolved.

If the matter is not resolved shortly, Apple may be forced to pull your application(s) from the App Store.

Developer: uCool
Provider: uCool, Inc
Title: Heroes Charge
Apple ID: 900313219
-

Sincerely,

Max

- Apple Legal | 1 Infinite Loop | Cupertino | CA | 95014 | AppStoreNotices@apple.com

The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients. This message may be an attorney-client communication protected by privilege. If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message. Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems. The use of the sender's name in this message is not intended as an electronic signature under any applicable law. Thank you.

On Mar 23, 2015 at 9:54 AM, W.Rankin@bakermckenzie.com wrote:

Dear Max,

I am a Partner with Baker & McKenzie LLP, and as you are aware, we represent Lilith regarding the take down proceeding corresponding to ref# APP39404.

As you will recall, in uCool's last communication to Lilith and Apple concerning this issue, uCool represented that "uCool did not have access to Lilith's code and, as stated in our prior letter, uCool denied that it copied Lilith's code in connection with Heroes Charge." (Letter from David Hansen of 11/21/14 at p 3.) That representation is simply not accurate.

Specifically, to be able to establish that, in fact, its software had been copied, Lilith embedded a copyright declaration in its game. Thus, if someone did copy the software code, as uCool has done, the embedded Lilith copyright would appear in the infringer's game. To show uCool's infringement, Lilith purchased an iPad, downloaded a copy of Heroes Charge from the App Store, and navigated to the portion of the game where the Lilith copyright would be if its code had been copied. As expected, when playing uCool's Heroes Charge, Lilith was able to trigger its copyright declaration, which pops up in a dialogue box stating "LILITH GAMES (c)."

A true and correct copy of the screen shot showing the Lilith copyright declaration that was triggered while playing uCool's Heroes Charge is depicted below, and a full video recording showing how the pop-up can be triggered in uCool's infringing game can be viewed here: https://www.facebook.com/video.php?v=1577087785877567. Moreover, this process has been completed in both China and the United States, as recently as March 18, 2015. I have further attached a Notarial Deed and English Translation, reflecting the performance of this process and its preservation in China. Thus, uCool's copyright infringement is unquestionable and ongoing.
[cid:2072018D@D714F939.3E401055]
In light of this compelling evidence of infringement upon Lilith's software copyright, Lilith again urges that Apple immediately take down uCool's game "Heroes Charge" from the App Store, and freeze uCool's developer's account.

Lastly, the opinions cited in Mr. Hansen's e-mail of 11/21/14 are inapplicable and do not in any way act as a bar to Apple's removal of Heroes Charge from the App Store. In particular, those cases and the applicable statutory provision at issue are distinguishable because they involve the question of whether a game should be replaced after it has been removed. Obviously, the game has not yet been removed, and as a result, those authorities have no bearing on the current issue. It should also be noted that Lilith has sued uCool for copyright infringement in the United States District Court for the Northern District of California, and Lilith intends to expeditiously move that Court for preliminary and permanent injunctive relief. A true and correct copy of the Complaint is attached here for your reference.

If you have any questions or would like to discuss these matters in more detail, I can be available at your convenience. Otherwise, we will look for Apple's notice that it has, in fact, taken uCool's infringing game down from the App Store as requested.

Thank you and best regards,

Bart Rankin


Bart Rankin
Baker & McKenzie LLP | Partner
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Tel: +1 214 978 3031
Fax: +1 214 978 3099
bart.rankin@bakermckenzie.com<mailto:bart.rankin@bakermckenzie.com>

[cid:5143CD4F@F62D8512.3E401055] <http://www.bakermckenzie.com/IntellectualProperty/>

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit <http://www.bakermckenzie.com/disclaimers>
www.bakermckenzie.com/disclaimers<http://www.bakermckenzie.com/disclaimers> for other important information concerning this message.


---------------------------------------------------------------------------
****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************

---
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
=================================================================