# EXHIBIT 8

| | |
|---|---|
| **From:** | Rankin, Bart |
| **Sent:** | Friday, April 17, 2015 2:40 PM |
| **To:** | Claude M. Stern; Murray, Colin H.; Michaud, Teresa H |
| **Cc:** | Evette Pennypacker; Sara Jenkins; Derek Tang; Michael LaFond |
| **Subject:** | RE: uCool request for return of uCool Heroes Charge source/other code |

Claude,

In response to you e-mail below, I first note that the fact that Lilith analyzed and performed a comparison of uCool's source code embodied in Heroes Charge is not a new revelation. To the contrary, Lisa Meyerhoff, of our firm, stated as follows in an e-mail to Apple in November 2014, to which uCool and its outside counsel were copied: "Lilith software personnel have compared its copyright-registered software code of its game with *uCool's software code for the Heroes Charge game*. The similarities in code **exceed 90%.** That is not coincidental." Thus, uCool has known of that comparison since at least November 2014, and our discussion on Wednesday of this week did not reveal anything new in that regard. Further, uCool continues to ignore that the analysis performed rendered the predicted result that uCool misappropriated Lilith's code. And uCool has not articulated any authority that would support its allegations that such an analysis was unlawful or that uCool was harmed in any way. Accordingly, Lilith is not agreeable to providing the information demanded in your e-mail.

With respect to Lilith's requests, as stated in my previous correspondence, and as I explained on Wednesday, now that a lawsuit has been filed, Lilith is merely seeking to proceed under the federal rules of civil procedure and perform a code analysis that uCool has itself previously offered. In particular, and as you have acknowledged, uCool has offered to present its code for analysis in a number of communications, and Lilith is simply asking that uCool make good on that offer. But uCool has now refused based on what we consider to be an improperly narrow reading of CCP section 2019.210. Accordingly, Lilith intends to file a motion with the Court seeking the following relief:

   1). Production of the source code of Heroes Charge as it existed on March 1, 2015, and a sworn statement identifying any changes made to that code by uCool since that date, including any hot fixes, the date the changes were made, and the reasons for the change;

   2). The entry of the protective order that was previously circulated to you for review; and

   3). An expedited schedule for the parties to conduct expert discovery regarding the code comparison and to brief a renewed motion for preliminary injunction (Lilith intends to withdraw the current motion without prejudice such that the discovery issues can be resolved and all supporting information can be presented in one briefing cycle).

While I think we have likely already conferred and reached an impasse, to ensure that we have complied with the Court's local rules, please advise of a time on Monday that you are available for a meet and confer.

Thank you and best regards,

Bart

Bart Rankin
Baker & McKenzie LLP | Partner
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Tel: +1 214 978 3031
Fax: +1 214 978 3099
bart.rankin@bakermckenzie.com

BAKER & M<sup>c</sup>KENZIE | GLOBAL LAW FIRM OF THE YEAR:
**INTELLECTUAL PROPERTY**
CHAMBERS 2013 AND 2014

**From:** Claude M. Stern [mailto:claudestern@quinnemanuel.com]
**Sent:** Wednesday, April 15, 2015 6:21 PM
**To:** Rankin, Bart; Murray, Colin H.; Michaud, Teresa H
**Cc:** Claude M. Stern; Evette Pennypacker; Sara Jenkins; Derek Tang; Michael LaFond
**Subject:** uCool request for return of uCool Heroes Charge source/other code

Bart-

In light of the information you first shared with me this morning during our call, when you informed me that your client Lilith Games has in fact obtained in China without uCool's authorization a copy of uCool's "Heroes Charge" code, whether in source, binary or other form (hereinafter "uCool code"), we request the following immediately:

1. Within the next 3 days, and no later than 5 pm PT this Friday, April 17, 2015, return to my office of any and all copies in Lilith Game's or you firm's custody, control or possession of the uCool code;
2. A detailed, written description of:
    a. The persons who were involved in Lilith or your firm gaining access to and/or copying of the uCool code;
    b. The methods by which your clients and any person identified in (a) above gained access to, and/or obtained any copy of, the uCool code (including but not limited to any decompiling program your client or your firm used);
    c. The date(s) on which your client gained access to, and/or made any copy of, the uCool code;
    d. The date(s) on which your law firm gained access, and/or made any copy of, the uCool code; and
    e. Any and all persons who were shown or given the code, or any portion thereof, either directly or through access via go-to-meetings or any other virtual device or technology (including any person who submitted a declaration in support of Lilith's preliminary injunction motion).
    f. Confirmation that your client and your firm have done nothing to destroy or alter documents, emails, text messages, code, materials or other evidence regarding your client's or your firm's gaining access to and/or copying of the uCool code.

This request is without prejudice to any and all rights and claims uCool has regarding the uCool code, or any unauthorized access to or copies of the same.
Respectfully,
  Claude

Claude M. Stern
Co-Chair, National Intellectual Property Litigation Practice
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Direct: (650) 801-5002
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100

Mobile: (650) 400-5319
E-mail: claudestern@quinnemanuel.com
Web: www.quinnemanuel.com





The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.