Colin H. Murray (State Bar No. 159142)
 colin.murray@bakermckenzie.com
Teresa H. Michaud (State Bar No. 296329)
 teresa.michaud@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile:  +1 415 576 3099

W. Barton Rankin (*Admitted Pro Hac Vice*)
 w.rankin@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: +1 214 978 3000
Facsimile:  +1 214 978 3099

Attorney for Plaintiff
Lilith Games (Shanghai) Co. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Lilith Games (Shanghai) Co. Ltd., | Case No. 15-cv-01267-SC |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| uCool, Inc. and uCool Ltd., | **[Fed. R. Civ. P. 65]** |
| Defendants. | Date:        June 26, 2015<br>Time:       10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Before:     The Hon. Samuel Conti |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

797044-v2\DALDMS

CASE NO. 15-cv-01267-SC
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The motion of Plaintiff Lilith Games (Shanghai) Co. ("Lilith") for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) against Defendants uCool, Inc. and uCool Ltd. (collectively "uCool" or "Defendants") was regularly set for hearing at the date, time, and place set forth above.  The parties having appeared by their respective counsel of record, the Court having considered the papers filed in support of and in opposition to the motion and good cause appearing therefore, makes the following findings of fact and conclusions of law:

1. Lilith created an original game titled "Dao Ta Chuan Qi," which means "the legend of sword and tower" ("Sword and Tower").  Lilith specifically authored approximately 240,000 lines of computer software code that is embodied in Sword and Tower.

2. Lilith owns valid Chinese registered copyrights in the computer software code authored by Lilith and incorporated into Sword and Tower.

3. Lilith's game Sword and Tower was first released in China in February 2014.  Since its release, Sword and Tower has been downloaded approximately 29,000,000 times.

4. In view of the popularity of Sword and Tower, as evidenced by the number of downloads, and the fact that it was publicly available, uCool had access to Sword and Tower.

5. After the release of Sword and Tower, uCool, Inc. and/or uCool, Ltd (collectively "uCool") released a game called Heroes Charge.  Heroes Charge was released in a number of countries, including the United States.

6. Heroes Charge is virtually identical to Sword and Tower in every relevant way, including the plot, themes, sequence of events, and characters.

7. Heroes Charge, as of the date of the Complaint filed by Lilith in this matter, contained Lilith's copyright protected computer software.  Lilith and its third-party consultant were able to independently trigger an embedded copyright declaration that reads "LILITH GAMES ©" in uCool's own game.

8. As a result of both the direct and circumstantial evidence of copying presented by Lilith, there is a high likelihood that Lilith will succeed on the merits of its copyright infringement claim against uCool.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

CASE NO. 15-cv-01267-SC
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

9. Lilith maintains a trade secret in the approximately 240,000 lines of software code for Sword and Tower authored in the programming language, Lua.

10. Lilith derives independent economic value, actual and potential, from the trade secret as embodied in Sword and Tower.

11. Lilith has taken reasonable efforts under the circumstances to maintain the secrecy of its trade secret.

12. As a result of both the direct and circumstantial evidence of trade secret misappropriation presented by Lilith, there is a high likelihood that Lilith will succeed on the merits of its trade secret misappropriation claim against uCool.

13. Lilith's reputation has been damaged by virtue of uCool's conduct. Further, Lilith's relationships with its distributors have been and will continue to be damaged because uCool's conduct deprives them of their exclusivity arrangement with Lilith. Lilith has further been harmed in that it is unable to effectively enter the United States market with the assistance of an exclusive distributor, and has not been able to obtain a customer base for its copyrighted works in the United States.

14. Lilith has shown that it has and will continue to suffer irreparable harm as a result of uCool's alleged copyright infringement and trade secret misappropriation.

15. If uCool is not enjoined, Lilith will effectively be deprived of its right to exclusively sell its copyrighted works in the United States and build a customer base for such works as it would otherwise have the ability to do. On the other hand, if uCool is enjoined, it will only be deprived of continuing to profit from its allegedly unlawful acts.

16. The balance of equities tips in favor of Lilith.

17. The public has an interest in seeing the copyright laws enforced, and will not be adversely affected by the injunction sought.

18. The injunction sought by Lilith is in the public interest.

**IT IS HEREBY ORDERED that:**

Plaintiffs' Motion for Preliminary Injunction is **GRANTED** in its entirety, and the Court orders as follows:

2

CASE NO. 15-cv-01267-SC
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

1. Defendants uCool, Inc., uCool Ltd., and its officers, agents, servants, employees, and attorneys are hereby preliminarily restrained and enjoined from the following conduct:

    a. reproducing, copying, preparing any derivative works, and/or distributing any of Lilith's registered copyrights and/or trade secrets that are the subject of this motion, including but not limited to distributing itself or through a third party the game Heroes Charge, which contains Lilith's copyright protected computer software code, through Apple Inc.'s App Store or Google Play.

2. This order shall take effect upon the filing by Plaintiff with the Clerk of the Court a bond in the amount of $_____.

3. This order shall continue in full force and effect until the completion of a trial on the merits, or until further order of the Court.

4. The Clerk of the Court is directed to issue a Preliminary Injunction containing the terms in this order.

IT IS SO ORDERED.

Dated:_____

                    The Honorable Samuel Conti
                    United States District Judge

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

3

CASE NO. 15-cv-01267-SC
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION