QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
Sara E. Jenkins (Bar No. 230097)
  sarajenkins@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California  94065
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

Derek J. Tang (Bar No. 296230)
  derektang@quinnemanuel.com
50 California St., 22nd Fl.
San Francisco, California  94111
Telephone:      (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for uCool, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| Lilith Games (Shanghai) Co. Ltd., | CASE NO. 3:15-cv-01267-SC |
|---|---|
| Plaintiff, | **DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY  TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | |
| uCool, Inc. and uCool Ltd. | |
| Defendant. | **Date:        June 12, 2015**<br>**Time:        10:00 a.m.**<br>**Courtroom:  1, 17th Floor**<br>**Judge:       The Hon. Samuel Conti** |

**NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 12, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Samuel Conti, in Courtroom 1 located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant uCool, Inc. will and hereby does move for expedited discovery pursuant to Federal Rule of Civil Procedure 26(f), to respond to Plaintiff Lilith Games (Shanghai) Co. Ltd.'s motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 6(b).

This motion is an alternative and secondary motion to the primary motion filed by uCool on May 11, which asks the court to either (1) off-calendar Plaintiff Lilith's currently pending preliminary injunction motion, allow the parties to conduct discovery in the normal course, then reschedule the preliminary injunction hearing for a date in September that is convenient for the Court or (2) allow uCool time to take expedited discovery on the preliminary injunction motion, uCool files an opposition to Lilith's motion on August 7, Lilith files a reply in support of its motion on August 14, and a hearing is held on August 28 or (at the very least) (3) grant uCool an extension to at least July 17 to file its opposition.

This motion is based on this notice of motion and supporting memorandum of points and authorities, the Declaration of Evette D. Pennypacker, the records and papers on file in this action, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.


DATED: May 12, 2015                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                       By /s/ Evette D. Pennypacker
                                          Claude M. Stern
                                          Evette D. Pennypacker

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION .................................................................................................................. 1

I.      ISSUES TO BE DECIDED................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

III.    APPLICABLE LEGAL STANDARDS FOR EXPEDITED DISCOVERY ...................... 3

IV.     ARGUMENT ...................................................................................................... 4

        A.      Conflicting Evidence of uCool's Alleged Infringement Warrants Expedited
                Discovery Before A Preliminary Injunction Hearing................................. 5

        B.      uCool's Requested Discovery Should Be Permitted Because It Is
                Appropriately Tailored To Address Lilith's Preliminary Injunction. ...................... 6

                1.      Lilith has raised serious questions over the validity of its own
                        copyrights, and these issues can only be resolved through discovery. ......... 7

                2.      Discovery into Lilith's "embedded" notice code is permissible under
                        *Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*. ........................................ 8

                3.      Lilith's trade secret is too vaguely alleged to be ruled upon without
                        expedited discovery......................................................................... 8

                4.      Lilith fails to present any evidence to support its claims of
                        irreparable harm. ............................................................................ 9

        C.      Expedited Discovery Is Warranted Under the *American LegalNet* Factors............ 10

        D.      Lilith Is Precluded From Conducting Discovery By § 2019.210 Of The
                California Code Of Civil Procedure. ...................................................... 11

V.      REQUESTED DISCOVERY ............................................................................. 13

VI.     CONCLUSION. ................................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

## Cases

*Advanced Modular Sputtering, Inc. v. Superior Court*,
    132 Cal. App. 4th 826 (2005) .................................................................................12

*Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*,
    819 F. Supp. 2d 1001 (E.D. Cal. 2011) .....................................................................9

*Ahanchian v. Xenon Pictures, Inc.*,
    624 F.3d 1253 (9th Cir. 2010) ...................................................................................4

*American LegalNet, Inc. v. Davis*,
    673 F. Supp. 2d 1063 (C.D. Cal. 2009) .......................................................4, 5, 9, 10

*Apple Inc. v. Samsung Electronics Co.*,
    768 F. Supp. 2d 1040 (N.D. Cal. 2011) .....................................................................4

*Apple Inc. v. Samsung Electronics Co.*,
    Case No. 5:11-cv-01846-LHK, Dkt. No. 115 ............................................................4

*Cinebase Software, Inc. v. Media Guar. Trust, Inc.*,
    1998 WL 661465 (N.D. Cal. Sept. 22, 1998) ............................................................9

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*,
    654 F.3d  989 (9th Cir. 2011) ....................................................................................9

*Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*,
    2013 WL 2303785 (N.D. Cal. May 24, 2013) .....................................................4, 5, 6, 8

*Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*,
    Case No. 5:13-cv-00034, Dkt. No. 43-3 (N.D. Cal. March 27, 2013) .......................8

*Jobscience, Inc. v. CVPartners, Inc.*,
    2014 WL 852477 (N.D. Cal. Feb. 28, 2014) ............................................................11

*Lahiri v. Universal Music & Video Distribution, Inc.*,
    513 F. Supp. 2d 1172 (C.D. Cal. 2007) .....................................................................7

*Loveland Industries, Inc. v. Wilbur-Ellis Co.*,
    Case No. 3:05-cv-00840 ...........................................................................................12

*Quia Corp. v. Mattel, Inc.*,
    2010 WL 2179149 (N.D. Cal. May 27, 2010) .....................................................4, 5, 6, 7, 9

*Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*,
    907 F. Supp. 2d 1086 (N.D. Cal. 2012) .....................................................................3

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) ..............................................................................3

*Soc. Apps, LLC v. Zynga, Inc.*,
    2012 WL 2203063 (N.D. Cal. 2012)...................................................................................11, 12

*Teleflora, LLC v. Florists' Transworld Delivery, Inc.*,
    2004 WL 1844847 (N.D. Cal. Aug. 18, 2004) ...........................................................................9

*Washington v. Lumber Liquidators, Inc.*,
    2015 WL 2089992 (N.D. Cal. May 5, 2015) .........................................................4, 5, 10, 11

## **Statutes**

134 Cong. Rec. H10097 ...............................................................................................................7

California Code of Civil Procedure § 2019.210......................................................................11, 12

Fed. R. Civ. P. 6(b)(1)...................................................................................................................4

## **Miscellaneous**

2 Melvill B. Nimmer, David Nimmer, *Nimmer on Copyright* § 7.16[D] n. 521 ...............................5

**INTRODUCTION**

Defendant uCool, Inc. ("uCool") has filed two motions relating to the timing of Lilith Games (Shanghai) Co. Ltd's ("Lilith") preliminary injunction motion.

In its primary motion, filed on May 11 and which uCool has styled as a motion to enlarge time to file an opposition, uCool explains that plaintiff Lilith learned about the allegedly infringing Heroes Charge game ***nine months*** before it filed this preliminary injunction motion and asks the Court to, *inter alia*, take Plaintiff Lilith's currently pending preliminary injunction hearing off calendar to allow the parties to conduct discovery in the normal course, and then reschedule the preliminary injunction motion hearing for a date in September that is convenient for the Court.

In this alternative motion, uCool seeks to conduct limited expedited discovery before opposing Lilith's proposed preliminary injunction motion and to accordingly reset the briefing schedule on that motion according to the schedule set forth in uCool's motion to enlarge time.[1] This discovery is necessary for uCool to respond to Lilith's copyright infringement and trade secret claims as well as Lilith's claim that it is faces irreparable harm.

## I.    ISSUES TO BE DECIDED

Should uCool be permitted to take expedited discovery to evaluate the purported evidence Lilith cites in its motion for preliminary injunction and for the purpose of opposing Lilith's motion for a preliminary injunction?

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**The Parties.**  Defendant uCool is a game marketer located in Menlo Park.  uCool began marketing Heroes Charge in August 2014.   Plaintiff Lilith is based in Shanghai, China.  Lilith

---

[1]   In its primary motion, uCool seeks one of the following alternative results:  (1)  The June 26 case management conference is moved up to June 12; uCool's discovery proceeds in the normal course; and assuming Lilith responds timely and fulsomely, the parties meet and confer on a briefing schedule that has Lilith's preliminary motion heard in September; (2) In the alternative, uCool should be allowed to take expedited discovery on the preliminary injunction motion; uCool files an opposition to Lilith's motion on August 7; Lilith files a reply in support of its motion on August 14; and a hearing is held on August 28; (3)  Should the Court determine that no discovery is necessary, uCool requests an extension to at least July 17 to file its opposition, and that the hearing date be set according to the Court's calendar.

**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

1  alleges that it released a game entitled Dao Ta Chuan Qi ("Dota Legend") in China in 2014 and

2  that the game has not yet been released in the United States.  FAC ¶¶1, 8, 9, 12.  In this case, Lilith

3  claims that uCool misappropriated trade secrets and infringed Lilith's Chinese copyrights in the

4  Dota Legend source code.

5       **Procedural History.**  Lilith filed its complaint on March 18, 2015 asserting a single

6  copyright infringement claim.  Dkt. 1.  Over two weeks later on April 3, Lilith filed its first

7  preliminary injunction motion.  Dkt. 17.  In that motion, Lilith stated its intention to seek

8  expedited discovery:  "Lilith intends to further move the Court for expedited discovery such that

9  Lilith can obtain a copy of uCool's code[.]"  Dkt. No. 17 at 16.  On April 8, Lilith filed a first

10 amended complaint adding trade secret claims.  Dkt. No. 20.  uCool moved to dismiss on May 1,

11 which motion is set for hearing on June 12.  Dkt. No. 29.

12      The parties met and conferred regarding a possible schedule for Lilith's first preliminary

13 injunction motion. Dkt. 32-1 at ¶3.  Before the parties agreed to a schedule or uCool had

14 responded, Lilith <u>unilaterally</u> withdrew its first preliminary injunction motion on April 22, again

15 stating its intent to move for expedited discovery.  Dkt. 26.  Lilith never filed a motion for

16 expedited discovery.  Instead, on May 5, 2015, Lilith re-filed its preliminary injunction motion,

17 again stating that it intended to seek discovery.  Dkt. No. 30 at 3.  On May 7, 2015, Lilith flip-

18 flopped again, informing uCool that it would <u>not</u> be seeking expedited discovery, that it was going

19 to move the hearing date up to June 12 and that it would seek to have the motion determined on

20 the papers and live testimony submitted at the hearing.  Dkt. 32-1 at ¶7.

21      **Lilith Has Known about Heroes Charge for Nine Months; Did Not File Suit Until**

22 **March 2015.**  Lilith admits that it first learned of Heroes Charge in August of 2014.  Dkt. 30 at

23 22.  Lilith also admits that, while during that period it contacted Apple to try and take Heroes

24 Charge down (Apple refused to take it down), from November, 2014 until Lilith filed a complaint

25 on March 18, 2015, <u>Lilith took no additional actions in relation to Heroes Charge</u>.  Dkt. No. 30 at

26 22-23.  In its two sets of preliminary injunction motion papers, Lilith does not explain why it has

27 waited so long to pursue its claims against uCool or why there is now a sudden urgency that

28 should require uCool and the Court to focus resources on Lilith's complaint.  Lilith admits that it

does not distribute a competing game in the United States, but offers no explanation why, if Lilith was so concerned about the alleged trade secrets contained in its source code, it allow an alleged potential competitor to posses that information for *__nine months__*.

**Lilith Admits It Has An Unauthorized Copy of the Heroes Charge Source Code.**

Lilith's unreasonable delay in bringing about its preliminary injunction motion is even more suspect because Lilith has admitted that it has had an unauthorized copy of the Heroes Charge source code, but Lilith refuses to return the code, or explain how it got the code or to provide any information whatsoever about who has seen the code. Dkt. 32-1 at ¶9.

**While Lilith Fails to Articulate Irreparable Harm, uCool Faces Grave Harm if Lilith's Motion is Granted.**   Lilith's motion does not seek to maintain the status quo, but rather to irretrievably alter the status quo by taking Heroes Charge down.  Heroes Charge has been available for play in the United States for nine months.  In that time, it has amassed some 12 million players worldwide.  These players have invested time and money into the game.  Thus, not only will uCool suffer harm if the Heroes Charge game is taken down, but the millions of third parties currently playing Heroes Charge will suffer as well.  Dkt. 32-1 at ¶10.  Under these circumstances, allowing uCool discovery and time to prepare its response is appropriate – particularly since Lilith has waited so long to seek relief.

**uCool Met and Conferred with Lilith on this Motion.**   When Lilith re-filed its preliminary injunction motion, it noticed the motion for June 26.  Dkt. 30.  uCool informed Lilith that uCool was unavailable on June 26, and Lilith responded by saying it was <u>not</u> going to seek discovery and it would seek to have the hearing re-noticed for June 12.  Dkt. 32-1 at ¶7.  uCool informed Lilith that it did not agree to the June 12 hearing date and that uCool planned to seek discovery and a continuance of Lilith's proposed preliminary injunction schedule.  *Id.*  No previous continuance of the preliminary injunction motion has been sought.  *Id*

## III.    APPLICABLE LEGAL STANDARDS FOR EXPEDITED DISCOVERY

Where there is good cause, a party may obtain discovery before the time normally allowed under Federal Rule of Civil Procedure 26.  *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273,

276 (N.D. Cal. 2002).  "Good cause" is defined as "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.  When determining "good cause" courts may consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Washington v. Lumber Liquidators, Inc.*, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015) (applying *American LegalNet* factors); *Apple Inc. v. Samsung Electronics Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (noting *American LegalNet* factors).

The Federal Rules of Civil Procedure also permit courts to extend the time for parties to file responsive briefing.  "When an act may or must be done within a specified time, the court may . . . extend the time[.]"  Fed. R. Civ. P. 6(b)(1).  In the Ninth Circuit, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotation omitted).  Courts in the Northern District of California have previously extended the time to file responsive briefs where expedited discovery is granted.  *See, e.g. Apple Inc. v. Samsung Electronics Co.*, Case No. 5:11-cv-01846-LHK, Dkt. No. 115 at 2 ("The Court understands that Apple wishes to resolve the issue of preliminary relief as quickly as possible . . . [however] the Court is inclined to provide the parties an opportunity to brief the issues as fully as possible, thereby ensuring that the Court has sufficient information to make an informed determination of the motion.").

## IV.   ARGUMENT

Justice requires permitting uCool to take limited, appropriately tailored early discovery to fully respond to Lilith's delayed and densely papered motion for preliminary injunction.  uCool should be permitted "to conduct expedited discovery if there is 'good cause' to do so."  *Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*, 2013 WL 2303785, at *1 (N.D. Cal. May 24, 2013).  "The good cause standard may be satisfied where a party seeks a preliminary injunction,"

and "in deciding whether to grant a request for expedited discovery in connection with a preliminary injunction hearing, a court examines the reasonableness of the request in light of all the surrounding circumstances." *Quia Corp. v. Mattel, Inc.*, 2010 WL 2179149, at *1 (N.D. Cal. May 27, 2010). The circumstances presented by Lilith's conduct are quite stark. Lilith first learned of Heroes Charge *nine months* ago. Dkt. No. 30-2 at 2. In the ensuing delay, Lilith hired an expert witness (Dkt. No. 30-20 at 2); Lilith collected and produced documents from China, some of which have been filed with no translation (*see, e.g.* Dkt. No. 30-12 at 6, Dkt. No. 30-17 at 2-13); and uCool has recently learned that Lilith plans to have witnesses available to provide live testimony. Dkt. 32-1 at ¶7. Absent a meaningful opportunity to conduct a similarly in-depth investigation, uCool will be prejudiced at the upcoming preliminary injunction hearing and should be granted leave to take expedited discovery for this reason alone.

Moreover, courts in this district have previously granted expedited discovery under three sets of circumstances which are all present here. First, where a preliminary injunction is based on copyright infringement in software code, and the parties have presented conflicting evidence, then expedited discovery has been granted to resolve the conflict. *See Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*, 2013 WL 2303785, at *2 (N.D. Cal. May 24, 2013). Second, where the requested discovery is directed to defending against the preliminary injunction, and the request is more narrowly tailored than ordinary merits discovery, then expedited discovery is warranted. *Quia Corp. v. Mattel, Inc.*, No. C10-01902 JF (HRL), 2010 WL 2179149, at *2 (N.D. Cal. May 27, 2010). Third, should this court consider the five factors identified in *American LegalNet, Inc. v. Davis*, all five favor granting expedited discovery. *See, e.g. Washington v. Lumber Liquidators, Inc.,* 2015 WL 2089992, at *1 (N.D. Cal. May 5, 2015) (applying factors). As explained below, each of these analytical frameworks dictates granting uCool expedited discovery here.

### A. Conflicting Evidence of uCool's Alleged Infringement Warrants Expedited Discovery Before A Preliminary Injunction Hearing.

Where a party moves for preliminary injunction based upon copyright infringement, expedited discovery is appropriate to resolve disputes regarding the nature of the evidence supporting the charge of copyright infringement, or disputes regarding the same. *See Flextronics*

1    *Int'l, Ltd. v. Parametric Tech., Corp.*, 2013 WL 2303785 at *2 (N.D. Cal. May 24, 2013).    Here,

2    Lilith alleges there is an "embedded" copyright notice in its software that proves infringement, an

3    allegation that uCool has thus far been unable to replicate or substantiate and discovery is

4    appropriate.

5          In *Flextronics*, for example, PTC, moved for a preliminary injunction based on copyright

6    infringement.  *Id.* at *1.  PTC stated that its software used an "embedded technology" which could

7    be used to detect when an illicit copy had been made.  *Id.*  Flextronics countered with evidence

8    that an internal audit did not find any infringing copies of software within its possession.  *Id.* at *2.

9    In order to resolve the evidentiary dispute, Flextronics asked for expedited discovery into how

10   "embedded technology" worked, and the court found that expedited discovery was necessary

11   before any hearing on PTC's motion for a preliminary injunction could be held.  *Id.*

12         The situation facing uCool is no different: Lilith claims to have created "embedded"

13   software code, which "proves" the existence of copyright infringement (*see* Dkt. No. 30-18 ("To

14   protect its software code from copying, Lilith embedded a copyright declaration")), and uCool is

15   unable to replicate this purported evidence.  As in *Flextronics*, this Court should permit expedited

16   discovery regarding Lilith's claim.

17         **B.**     uCool's Requested Discovery Should Be Permitted Because It Is Appropriately
              Tailored To Address Lilith's Preliminary Injunction.

18

19         uCool is submitting a limited set of discovery requests, all targeted at issues raised by

20   Lilith's preliminary injunction motion.  In this context, courts in this district have granted

21   expedited discovery to the defendant where the defendant's "proposed discovery may pertain in

22   some fashion to the [merits]."  *Quia Corp. v. Mattel, Inc.*, 2010 WL 2179149, at *2 (N.D. Cal.

23   May 27, 2010)  The *Quia Corp* decision is instructive here.  In that case, the plaintiff moved for a

24   preliminary injunction based on trademark infringement.  *Id.* at *1.  In order to fully brief their

25   response to the preliminary injunction motion, the defendants sought to take two depositions and

26   served four requests for production.  *Id.* at *2.  The court reasoned that the discovery requests all

27   "pertain[ed] in some fashion" to the *Sleekcraft* analysis, which was necessary for determining

28

**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

likelihood of success on the merits in a trademark dispute.  *Id*.  As a result, the court found

expedited discovery warranted.  *Id*.

uCool is requesting limited discovery on just four general topics: (1) Lilith's ownership of

a valid copyright; (2) how Lilith allegedly caused the a copyright notice to appear within Heroes

Charge; (3) the identification and alleged protectability of Lilith's alleged "trade secret," and (4)

Lilith's allegations of "irreparable harm."  uCool's requests are highly relevant to the merits of

Lilith's claims, and fit well within the "may pertain in some fashion" standard.  *Quia Corp.*, 2010

WL 2179149, at *1.

1.    Lilith has raised serious questions over the validity of its own copyrights,
and these issues can only be resolved through discovery.

Lilith's own filings cast serious doubt on Lilith's claim to "ownership of a valid

copyright"—and as Lilith's papers admit, ownership of a valid copyright is a prerequisite to any

claim that Lilith would be likely to succeed on the merits.  *See* Dkt. No. 30 at 15 ("To prevail on a

copyright infringement claim, the plaintiff must show [] ownership of a valid copyright").  Here,

Lilith has not demonstrated any copyright registered in the United States, and foreign works not

registered in the United States are not entitled to a presumption of validity.  *See* 2 Melvill B.

Nimmer, David Nimmer, *Nimmer on Copyright* § 7.16[D] n. 521 ("[F]oreign authors must also

register in order to obtain the important benefit[] of the presumption of validity,")(quoting 134

Cong. Rec. H10097 (daily ed. Oct. 12 1988)); *see also Lahiri v. Universal Music & Video

Distribution, Inc.*, 513 F. Supp. 2d 1172, 1174 (C.D. Cal. 2007) ("A certificate of copyright

registration ordinarily creates a rebuttable presumption of valid copyright ownership . . . however,

this presumption is inapplicable here, as the copyright ownership . . . is determined by India's

copyright law.").  Here, Lilith implies that it may never have provided a copy of its code to the

Chinese copyright office, and, according to public information, Lilith is currently facing both civil

and criminal charges in Taiwan over Dota Legends.  *See* Dkt. No. 30 at 5 ("Lilith was not required

to provide a full and complete copy to the Chinese copyright office"); *see also* Chi-hao James Lo,

*Blizzard Hits Local Firm With Copyright Lawsuit*, The China Post, March 25, 2015

http://www.chinapost.com.tw/taiwan/business/2015/03/25/431948/Blizzard-hits.htm ("We

1  strongly believe that 'DotA Legend' infringes on our Warcraft and World of Warcraft copyrights."

2  (quoting Blizzard COO Paul Sams))  uCool's request for limited discovery into Lilith's copyright

3  registration and the validity of Lilith's alleged copyright is therefore appropriately granted.

4       This discovery is also related to Lilith's trade secret claim.  As uCool explained in its

5  motion to dismiss, Lilith cannot claim a trade secret in that part of its code which was submitted to

6  the copyright office.  *See* Dkt. No. 29 at 9 ("Lilith has not adequately alleged efforts to maintain its

7  trade secrets" during copyright registration).  Insofar as Lilith deposited code with the copyright

8  office of China, then that code is no longer secret, and cannot form the basis for a preliminary

9  injunction based upon trade secret misappropriation. *Id.*   Alternatively, insofar as Lilith may have

10  failed to make a code deposit *at all*, then Lilith may not own a valid copyright.  Lilith could not

11  seek copyright registration on those grounds.  Either way, expedited discovery into Lilith's actual

12  copyright filings is highly relevant to uCool's ability to fully brief this matter, and uCool is

13  seeking this information through targeted discovery requests.

       2.     Discovery into Lilith's "embedded" notice code is permissible under
*Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*.

14

15

16       As discussed above, Lilith's claim to have embedded code "proving" copyright

17  infringement is grounds for expedited discovery into how that embedded code works under

18  *Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*, 2013 WL 2303785 at *2.  In *Flextronics*, the

19  court granted a request for production which included "[a]ll documents and things related in any

20  way to the 'embedded technology' disclosed by [party seeking preliminary injunction]," and

21  request further included "all reports or analyses of such information, data, computer code, text, or

22  other transmissions," as pertained to the "embedded technology."  *See Flextronics Int'l, Ltd. v.*

23  *Parametric Tech., Corp.*, Case No. 5:13-cv-00034, Dkt. No. 43-3 at 2 ("Requests for Production")

24  (N.D. Cal. March 27, 2013).  As in *Flextronics*, uCool requests documents, inclusive of

25  electronically stored information and computer code, pertaining to Lilith's "embedded" copyright

26  notice, as well as Lilith's claimed copyrighted Lua code.  *See* Pennypacker Decl. ¶5.

27         3.     Lilith's trade secret is too vaguely alleged to be ruled upon without
expedited discovery.

28

**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Lilith's general allegation that *all* of the Dota Legend source code qualifies as a trade secret is insufficient for the purposes of a preliminary injunction. *See* Dkt. No. 30 at 20 ("Lilith's source code [] qualifies as a trade secret"). "For purposes of preliminary injunction, the party seeking injunctive relief must describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011). Moreover, where a preliminary injunction is sought, the party seeking the injunction must identify *which portions* of its software are trade secrets, and cannot simply claim a trade secret in the entire software. *See Cinebase Software, Inc. v. Media Guar. Trust, Inc.*, 1998 WL 661465, at *10 (N.D. Cal. Sept. 22, 1998) ("[F]or purposes of obtaining a preliminary injunction based on actual use of a trade secret, plaintiff has failed to adequately identify *what portions* of its overall software [] are trade secrets.") (emphasis added). Lilith must also show that the information it designates as trade secret is, in fact, secret. *See Teleflora, LLC v. Florists' Transworld Delivery, Inc.*, 2004 WL 1844847, at *7 (N.D. Cal. Aug. 18, 2004) (preliminary injunction denied where plaintiff "did not take reasonable measures to ensure the secrecy of its information"). Lilith's does not explain in its preliminary injunction papers how it maintained the secrecy of these alleged secrets. In fact, Lilith admits that two employees have left and that it does not know whether those former employees may have provided Lilith's source code to third parties. Dkt. 30 at 4 ("Lilith is not aware of any evidence").

As Lilith has failed to identify individual portions of its software which qualify as trade secrets, uCool is entitled to expedited discovery on this point. uCool's requested discovery in this area is thus highly relevant to the merits of the preliminary injunction, and within the sort contemplated by the *Quia Corp* court. *See* 2010 WL 2179149, at *2 (N.D. Cal. May 27, 2010).

    4.    Lilith fails to present any evidence to support its claims of irreparable harm.

Lilith has told this court that "uCool's [] conduct has also prevented Lilith from obtaining an exclusive distributor in the United States" (Dkt. No. 30 at 21); however Lilith has not submitted any facts or evidence to show that this is the case, and uCool should be allowed to investigate

Lilith's conclusory claims.  Given the necessity of an "irreparable harm" determination to any motion on preliminary injunction, *see Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("[W]e hold that even in a copyright infringement case, the plaintiff must demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief, whether preliminary or permanent."), uCool is entitled to discovery into Lilith's claims of irreparable harm. Accordingly, uCool is seeking to serve limited discovery on this issue.  *See* Pennypacker Decl. ¶5.

### C. Expedited Discovery Is Warranted Under the *American LegalNet* Factors.

As discussed above, discovery in this case is appropriate under *Flextronics* and *Quia Corp*. even without considering the *American LegalNet* factors; nonetheless, should this court apply those factors, all support granting uCool expedited discovery.  The five factors identified for consideration in *American LegalNet* are: "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).  Here, uCool is seeking appropriately tailored, necessary expedited discovery to defend against a preliminary injunction motion.  In situations such as uCool's, all five factors favor granting expedited discovery.

*Washington v. Lumber Liquidators, Inc.*, 2015 WL 2089992 (N.D. Cal. May 5, 2015), is instructive.  There, all five factors were met where: (1) a preliminary injunction was pending; (2) the discovery request was "not an open-ended 'fishing expedition'"; (3) the discovery was sought for the purpose of maintaining the status quo; (4) the individuals to be deposed had prepared declarations, and so had warning that they might be deposed; and (5) the timing was appropriate because there were no pending decisions on dispositive motions. *Washington v. Lumber Liquidators, Inc.*, 2015 WL 2089992 at *2-3.  So too here.

The first three factors are easily demonstrated.  A preliminary injunction motion is pending; uCool is seeking targeted discovery into only those issues relevant under the *Quia Corp*. standard; and according to Lilith's own papers, uCool currently sells Heroes Charge in the United States while Dota Legend has not even been offered for sale in the United States.  *See* Dkt. No. 30

**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

at 21 (Lilith has not offered Dota Legend for sale in the United States directly because "[e]xclusive distribution agreements are Lilith's preferred method of release").  Thus, Lilith's injunction would seek to *change* the status quo, not maintain it.  As uCool's discovery is sought to preclude this upending of the status quo, uCool meets the third *American LegalNet* factor. *Washington*, 2015 WL 2089992 at *3

Moreover, under *Washington*, depositions of a declarant are inherently not overly burdensome, and uCool is seeking the depositions of the declarants who submitted sworn testimony to support Lilith's motion for a preliminary injunction.  *See Washington*, 2015 WL 2089992 at *3 ("as busy as these two witnesses may be, they have managed to make time in their schedules to work with Defendant's counsel preparing lengthy, detailed declarations").  And, Lilith cannot claim that expedited discovery of computer code is burdensome where Lilith's own filings indicated a desire to take expedited discovery of uCool's computer code.  *See* Dkt. No. 17 at 16 n. 1 ("Lilith intends to further move the Court for expedited discovery such that Lilith can obtain a copy of uCool's code and perform a comparison of the two to further support Lilith's request for a preliminary injunction").  Lilith has also suggested that it will make witnesses available for live testimony during the preliminary injunction hearing.  *See* Dkt. 32-1 at ¶7.  If Lilith is not overly burdened by producing witnesses to the court, production of witnesses for deposition during the same time period should not be overly burdensome.  Therefore, uCool can demonstrate the fourth factor: that the sought discovery will impose no undue burden on Lilith.

Finally, although uCool has moved to dismiss several of Lilith's claims, Lilith will suffer no prejudice by responding to the limited discovery uCool seeks here—all of which is needed to respond to Lilith's preliminary injunction motion—and the fifth *Washington* factor is therefore met.

**D.**   <u>Lilith Is Precluded From Conducting Discovery By § 2019.210 Of The California Code Of Civil Procedure.</u>

Lilith's trade secret claim is limited by California Code of Civil Procedure § 2019.210, which requires a party asserting trade secret claims to "identify [each] trade secret with reasonable particularity" "before commencing discovery" in the action.  Courts in this district routinely deny

discovery to plaintiffs who assert trade secret claims without particularly identifying trade secrets. *See, e.g. Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("Plaintiff may not take any discovery *at all* until a satisfactory statement has been filed under seal and served on counsel for defendants. Plaintiff's filing shall be for trial counsel's eyes only. Defendants may take discovery immediately, inasmuch as they are not asserting any trade secrets.") (emphasis in original); *see also Soc. Apps, LLC v. Zynga, Inc*., 2012 WL 2203063, at *1-2 (N.D. Cal. 2012).

"In essence, what section 2019[] requires is that Plaintiff inform Defendants of the proprietary information that differs from other publicly available information or data commonly known to those in the trade. Plaintiff may meet its burden by demonstrating where certain data was developed exclusively by Plaintiff for the benefit of its business, how such data is materially different from other publicly available data or data commonly known in the trade, and how Plaintiff sought to keep that information confidential." *Loveland Industries, Inc. v. Wilbur-Ellis Co.*, Case No.  3:05-cv-00840, Dkt. 68 at 7-8 (Conti, J. N.D. Cal. May 6, 2015).  Where a plaintiff claims source code as a trade secret, this means the plaintiff must identify particular lines of source code.  *See Soc. Apps*, 2012 WL 2203063, at *5 (plaintiff failed to properly identify trade secret "aside [from] two instances where SocialApps identified . . . source code line numbers").

Here Lilith has not even attempted to identify its trade secrets as required.  For example, Lilith refers to its entire code as a trade secret (Dkt. 20 at ¶ 12), a tactic that has been explicitly rejected in this district.  *See Soc. Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *3 (N.D. Cal. June 14, 2012) ( requirements of § 2019.210 not met where plaintiff alleged no more particularity than "computer source code for Revision 21 of the myFarm game").  Until Lilith complies with § 2019.210, and identifies its asserted trade secrets with particularity, Lilith is barred from taking *all* discovery.  *See Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 834 (2005) ("By its own express terms, section 2019.210 is not "cause of action" specific . . . [r]ather, it refers to any "action," i.e. the entire lawsuit")(citation omitted); *see also Jobscience*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("Plaintiff may not take any discovery *at all* until a satisfactory statement has been filed") (emphasis in original).

CASE NO. 3:15-cv-01267-SC
**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

uCool explicitly asked Lilith to comply with the requirements of § 2019.210 in an April 10, 2015 emails.  Dkt. 32-1 at ¶6.  Lilith ignored uCool's request, took no action as required by statute, and then a month later filed for a preliminary injunction, still without having ever identified any trade secret with particularly.  Dkt. 30.  Thus, regardless of the outcome of this motion, or the impending Rule 26 conference, Lilith is precluded from taking any discovery until they identify their trade secrets as required by law.

By contrast, as uCool has not asserted a trade secret claim, uCool is free to conduct discovery either upon the grant of this motion, or at any time after the parties have completed the requisite conference pursuant to Federal Rule of Civil Procedure 26.  *Id.* ("Defendants may take discovery immediately, inasmuch as they are not asserting any trade secrets.").

## V.    REQUESTED DISCOVERY

If this motion is granted, uCool intends to seek the following discovery:

| Proposed Discovery | Citation | Relevance |
|---|---|---|
| Interrogatory No. 1:<br><br>"Identify…those parts of the source code . . . in which Plaintiff claims a trade secret…" | Ex. A, Interrogatory 1 | Likelihood of success on the merits of Lilith's trade secret claim.  *See, supra* § IV(B)(3). |
| Interrogatory No. 2:<br><br>"Describe . . . how Plaintiff acquired . . . a copy of the source code for Heroes Charge . . ." | Ex. A, Interrogatory 2 | Likelihood of success on the merits of Lilith's copyright claim and/or trade secret claim, claims of irreparable harm and undue delay, equity.  *See, supra* § IV(B)(4). |
| 30(b)(6) Topic No. 1:<br><br>"[P]rocedures undertaken by plaintiff to . . . acquire a copyright . . ." | Ex. B, 30(b)(6) Topic 1 | Likelihood of success on the merits of Lilith's copyright claim.  *See, supra* § IV(B)(1). |
| 30(b)(6) Topic No. 2:<br><br>"How Lilith . . . developed any of the artwork . . ." | Ex. B, 30(b)(6) Topic 2 | Likelihood of success on the merits of Lilith's copyright claim.  *See, supra* § IV(B)(1). |

**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

| Proposed Discovery | Citation | Relevance |
|---|---|---|
| <u>30(b)(6) Topic No. 3</u>:<br><br>"The development of Dota Legend . . ." | Ex. B, 30(b)(6) Topic 3 | Likelihood of success on the merits of Lilith's copyright claim and/or trade secret claim. *See, supra* § IV(B)(2). |
| <u>30(b)(6) Topic No. 4</u>:<br><br>"Identification with particularity of the trade secrets . . ." | Ex. B, 30(b)(6) Topic 4 | Likelihood of success on the merits of Lilith's trade secret claim. *See, supra* § IV(B)(3). |
| <u>30(b)(6) Topic No. 5</u>:<br><br>"Precautions Lilith has taken to maintain the trade secrets . . ." | Ex. B, 30(b)(6) Topic 5 | Likelihood of success on the merits of Lilith's trade secret claim. *See, supra* § IV(B)(3). |
| <u>30(b)(6) Topic No. 6</u>:<br><br>"How Plaintiff . . . acquired any . . .copies of the Heroes Charge source code . . ." | Ex. B, 30(b)(6) Topic 6 | Likelihood of success on the merits of Lilith's copyright claim and/or trade secret claim, claims of irreparable harm and undue delay, equity. *See, supra* § IV(B)(4). |
| <u>30(b)(6) Topic No. 7</u>:<br><br>"Plaintiff's methods of developing non-Lua aspects of Dota Legend . . ." | Ex. B, 30(b)(6) Topic 7 | Likelihood of success on the merits of Lilith's copyright claim and/or trade secret claim. *See, supra* § IV(B)(2). |
| <u>30(b)(6) Topic No. 8</u>:<br><br>"Any and all documents related to lawsuits filed by Activision or Blizzard . . . in Taiwan . . ." | Ex. B, 30(b)(6) Topic 8 | Likelihood of success on the merits of Lilith's copyright claim. *See, supra* § IV(B)(1). |
| <u>30(b)(6) Topic No. 8</u>:<br><br>"The two former Lilith employees . . ." | Ex. B, 30(b)(6) Topic 9 | Likelihood of success on the merits of Lilith's trade secret claim. *See, supra* § IV(B)(3). |
| <u>Request For Production No. 1</u>:<br><br>"Copyright application filed by Plaintiff . . ." | Ex. C, Request 1 | Likelihood of success on the merits of Lilith's copyright claim. *See, supra* § IV(B)(1). |
| <u>Request For Production No. 2</u>:<br><br>"Any and all copies of Heroes Charge source code . . ." | Ex. C, Request 2 | Likelihood of success on the merits of Lilith's copyright claim and/or trade secret claim, claims of irreparable harm and undue delay, equity. *See, supra* § IV(B)(4). |

| Proposed Discovery | Citation | Relevance |
|---|---|---|
| Request For Production No. 3:<br><br>"Any deposit of source code made . . . in China . . ." | Ex. C, Request 3 | Likelihood of success on the merits of Lilith's copyright claim and/or trade secret claim. *See, supra* § IV(B)(1). |
| Request For Production No. 4:<br><br>"All source code for Dota Legend [] as it existed at the time Plaintiff filed a copyright application . . ." | Ex. C, Request 4 | Likelihood of success on the merits of Lilith's trade secret claim and/or copyright claim. *See, supra* § IV(B)(3). |
| Request For Production No. 5:<br><br>"Documents sufficient to show . . . the trade secrets . . ." | Ex. C, Request 5 | Likelihood of success on the merits of Lilith's trade secret claim. *See, supra* § IV(B)(3). |
| Request For Production No. 6:<br><br>"Documents sufficient to show the measures . . . maintaining the secrecy . . ." | Ex. C, Request 6 | Likelihood of success on the merits of Lilith's trade secret claim. *See, supra* § IV(B)(3). |
| Request For Production No. 7:<br><br>"All . . . contracts . . . to or from any distributor . . ." | Ex. C, Request 7 | Claims of irreparable harm and undue delay. *See, supra* § IV(B)(4). |
| Request For Production No. 8:<br><br>". . . Communications reflecting efforts by Lilith to secure . . . distributor[s] . . ." | Ex. C, Request 8 | Claims of irreparable harm and undue delay. *See, supra* § IV(B)(4). |
| Request For Production No. 9:<br><br>". . . Terms under which plaintiff has entered into 'exclusive distribution agreements' . . ." | Ex. C, Request 9 | Claims of irreparable harm and undue delay. *See, supra* § IV(B)(4). |
| Request For Production No. 10:<br><br>"A copy of each contract between Lilith and any employee . . . " | Ex. C, Request 10 | Likelihood of success on the merits of Lilith's trade secret claim and/or copyright claim. *See, supra* § IV(B)(3). |
| Request For Production No. 11:<br><br>"A copy of each contract between Lilith and any employee . . . " | Ex. C, Request 11 | Likelihood of success on the merits of Lilith's trade secret claim. *See, supra* § IV(B)(3). |

| Proposed Discovery | Citation | Relevance |
|---|---|---|
| Depositions of Plaintiff's Declarants | Pennypacker Dec. ¶ 6 | Likelihood of success on the merits of Lilith's copyright and/or trade secret claim. *See, supra* § IV(B)(1).<br><br>Claims of irreparable harm and undue delay. *See, supra* § IV(B)(4). |

## VI.    CONCLUSION.

For the foregoing reasons, the Court should grant uCool's motion for expedited discovery.


DATED: May 12, 2015                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Evette D. Pennypacker*
Claude M. Stern
Evette D. Pennypacker

**DEFENDANT UCOOL, INC.'S MOTION FOR EXPEDITED DISCOVERY TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**