IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILITH GAMES (SHANGHAI) CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> UCOOL, INC. AND UCOOL LTD., <br><br> Defendants. | Case No. 15-CV-01267-SC <br><br> ORDER SETTING BRIEFING AND HEARING SCHEDULE FOR <u>PRELIMINARY INJUNCTION MOTION</u> |

### I. **INTRODUCTION**

On April 3, 2015 Plaintiff Lilith Games (Shanghai) Co. Ltd. ("Lilith") filed a Motion for Preliminary Injunction seeking to enjoin Defendants uCool, Inc. and uCool Ltd. (collectively "uCool") from reproducing, copying, preparing any derivative works, and/or distributing any of Lilith's trade secrets and/or copyrights allegedly contained in uCool's video game, <u>Heroes Charge</u>. ECF No. 17. On April 22, 2015, Lilith withdrew its motion and re-filed it on May 5, 2015. ECF No. 30 ("Prel. Inj. Mot."). On May 18, 2015, the Court stayed briefing on the motion for preliminary injunction

pending resolution of three scheduling and discovery motions filed by uCool. Those motions are now before the Court: (1) Defendants' Motion to Enlarge Time to Oppose Plaintiff's Motion for Preliminary Injunction (ECF No. 32) ("Mot. to Enlarge Time to Oppose"); (2) Defendants' Motion for Expedited Discovery to Respond to Plaintiff's Motion for Preliminary Injunction (ECF No. 33) ("Mot. for Exped. Disc."); and (3) Defendants' Motion to Shorten Time for Briefing and Hearing Regarding uCool's Motion for Expedited Discovery (ECF No. 34) ("Mot. to Shorten Time for Briefing").

Having considered the parties' moving and response papers, the Court finds these motions appropriate for decision without oral argument under Civil Local Rule 7-1(b) and hereby (1) GRANTS IN PART and DENIES IN PART Defendant's Motion to Enlarge Time to Oppose Plaintiff's Motion for Preliminary Injunction; (2) DENIES Defendants' Motion for Expedited Discovery to Respond to Plaintiff's Motion for Preliminary Injunction; and (3) DENIES as moot Defendants' Motion to Shorten Time for Briefing and Hearing Regarding uCool's Motion for Expedited Discovery.

## II. BACKGROUND

Plaintiff Lilith is a video game developer that released the game Dao Ta Chuan Qi (translated as "Sword and Tower")[1] in China in February 2014. Lilith claims to own the copyrights in Sword and Tower's computer software. Lilith also claims that it maintains the Sword and Tower source code as a trade secret. In March 2015, Lilith decided to release Sword and Tower in other countries

---

[1] The game has also been referred to as Dota Legends (see ECF No. 43-01 ¶ 2).

2

including the United States, Japan, and certain European countries.

Defendant uCool is a game marketer who published the game Heroes Charge in the United States in August 2014.

Lilith filed its Complaint on March 18, 2015 and its First Amended Complaint on April 8, 2015. In its first claim for relief, Lilith alleges that uCool unlawfully gained access to Lilith's copyrighted computer software code embodied in Sword and Tower and copied it into the source code embodied in Heroes Charge, which in addition to allegedly containing the same source code, also allegedly contains the same or similar ideas and expressions of those ideas. Because Sword and Tower is not a United States work as defined in 17 U.S.C. Section 101, Lilith brings its copyright claim under the Berne Convention, an international agreement governing copyright. In Lilith's second claim for relief, Lilith claims that the Sword and Tower source code is also a trade secret and that uCool misappropriated that trade secret in violation of California's Uniform Trade Secrets Act, California Civil Code Section 3426, when it allegedly gained access to and used the Sword and Tower source code. Lilith's third, fourth, and fifth claims for relief allege that uCool engaged in an unlawful business practice in violation of California's Unfair Competition Law by misappropriating Lilith's trade secrets. Lilith seeks damages, fees and costs, injunctive relief, and other relief.

On April 3, 2015, Lilith filed a motion for preliminary injunction seeking to enjoin uCool from reproducing, copying, preparing any derivative works, and/or distributing any of Lilith's trade secrets and/or copyrights allegedly contained in Heroes Charge. On April 22, 2015, Lilith withdrew its motion and re-filed

it on May 5, 2015. On May 11 and 12, uCool filed three discovery and scheduling motions related to Lilith's motion for preliminary injunction.[2] Consequently, the Court stayed briefing on Lilith's motion for preliminary injunction pending the resolution of uCool's three motions, which are now before the Court.[3]

    Taken together, uCool's discovery and scheduling motions propose three alternative results as to the briefing, hearing, and discovery related to Lilith's motion for preliminary injunction:

> (1) off-calendar Plaintiff Lilith's currently pending preliminary injunction motion, allow the parties to conduct discovery in the normal course, then reschedule the preliminary injunction hearing for a date in September that is convenient for the Court,
>
> (2) allow uCool time to take expedited discovery on the preliminary injunction motion, uCool files an opposition to Lilith's motion on August 7, Lilith files a reply in support of its motion on August 14, and a hearing is held on August 28, or
>
> (3) grant uCool an extension to at least July 17 to file its opposition.

Mot. for Exped. Disc. at i. Lilith opposes these motions and asks the Court to determine its motion for preliminary injunction on the papers and any live testimony permitted by the Court according to the original briefing and hearing schedule. Lilith also argues that uCool's motion for expedited discovery is now moot given that discovery commenced immediately after the parties' Rule 26(f)

---

[2] On May 29, 2015, Blizzard Entertainment, Inc. ("Blizzard") and Valve Corporation ("Valve") filed a joint motion to intervene, alleging that "both [Lilith and uCool] have infringed [Blizzard's and Valve's] copyrights in their hugely popular computer games, through the very games at issue in this Action." ECF No. 42 ("Mot. to Interv.") at 1.
[3] The hearing for Lilith's preliminary injunction is currently scheduled for June 12, 2015.

4

conference on Tuesday, May 26, 2015.

### III. LEGAL STANDARD

#### A. Enlarge or Shorten Time

Local Rule 6-3 provides, in pertinent part, that a motion enlarging or shortening time must be accompanied by an affidavit that "(1) sets forth with particularity, the reasons for the requested enlargement . . . (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time . . ." Civ. L.R. 6-3 (a)(1), (a)(3). Once a particularized showing is made, "requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith or prejudice to the adverse party." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citations and internal quotation marks omitted).

#### B. Expedited Discovery

In the Ninth Circuit, courts use the "good cause" standard to determine whether expedited discovery should be granted. UMG Recordings, Inc. v. Doe, No. 08-1193 SBA, 2008 WL 4104214, *4 (N.D. Cal. 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery;

(4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). The party seeking expedited discovery has the burden of showing good cause. Id. at 1066.

## IV. DISCUSSION

The Court understands that Lilith wishes to resolve the issue of preliminary relief as quickly as possible in order to prevent the irreparable harm that Lilith alleges is caused by the continuing sale of uCool's products. However, Lilith's motion presents complex issues of copyright infringement and trade secret misappropriation in the use of source code in video games, and it seeks an extraordinary form of relief. Accordingly, limited discovery prior to further briefing and a hearing on Lilith's motion for preliminary injunction is appropriate.

Discovery became available after the parties held their Rule 26(f) conference on May 26, 2015. uCool propounded discovery on Lilith that same day. Nevertheless, uCool argues that its motion for expedited discovery is not moot because it needs "an order to obtain discovery before a response to the preliminary injunction motion is due." ECF No. 44 ("Exp. Disc. Reply"). In other words, uCool claims that its motion is properly understood as a motion to expedite Lilith's production, though uCool fails to provide a proposed expedited deadline for that production. Id.

Much of what uCool requests in its motion for expedited discovery has already been propounded, including the requested interrogatories and requests for production. Lilith's responses to

these requests are currently due 30 days from May 26, 2015. See ECF No. 41-17 ("Discovery Requests"). The Court declines to expedite Lilith's production any further.

uCool's motion for expedited discovery also includes a Federal Rule of Civil Procedure 30(b)(6) deposition notice on a broad range of topics that are largely duplicative of its other discovery requests and/or outside the scope of the preliminary injunction motion. See ECF No. 33-3 ("Depo. Notice") at 4. A 30(b)(6) witness "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Given the broad range of topics in uCool's proposed notice, Lilith would have to interview several employees and review a significant number of documents and communications in a short period of time. Further, 30(b)(6) depositions generally are not taken at the inception of discovery. See Semitool, 208 F.R.D. at 276 (granting expedited discovery in part because request did not involve "a free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare"). Because Lilith would be unduly burdened and because uCool's discovery requests can be addressed through already propounded interrogatories and requests for production, the Court denies uCool's request for an expedited 30(b)(6) deposition.

Accordingly, the Court hereby adopts the following briefing and hearing schedule for Lilith's preliminary injunction motion:

| Task | Deadline |
|---|---|
| Document production and interrogatories due (produced on a rolling basis) | June 25, 2015 |

7

| | |
|---|---|
| uCool's opposition brief due | July 17, 2015 |
| Lilith's reply brief due | July 24, 2015 |
| Hearing on motion for preliminary injunction | July 31, 2015, 10:00 AM, Courtroom 1, 17th Floor, San Francisco Courthouse |

## V. CONCLUSION

Based on the foregoing, the Court hereby rules as follows:

(1) Defendant's Motion To Enlarge Time To Oppose Plaintiff's Motion For Preliminary Injunction is GRANTED in part and DENIED in part. The parties will take discovery on the preliminary injunction motion; uCool will file an opposition to Lilith's motion for preliminary injunction on July 17, 2015; Lilith will file a reply in support of its motion on July 24, 2015; and a hearing on the motion for preliminary injunction will be held on July 31, 2015.

(2) Defendant's Motion for Expedited Discovery To Respond To Plaintiff's Motion for Preliminary Injunction is DENIED.

(3) Defendant's Motion to Shorten Time For Briefing And Hearing Regarding uCool's Motion for Expedited Discovery is DENIED as moot.

IT IS SO ORDERED.

Dated: June 4, 2015

_____
UNITED STATES DISTRICT JUDGE