IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILITH GAMES (SHANGHAI) CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> UCOOL, INC. AND UCOOL LTD., <br><br> Defendants. | Case No. 15-CV-01267-SC <br><br> ORDER DENYING PROPOSED PLAINTIFFS-IN-INTERVENTION'S <u>MOTION FOR LEAVE TO INTERVENE</u> |

Now before the Court is Proposed Plaintiffs-In-Intervention Blizzard Entertainment, Inc. ("Blizzard") and Valve Corporation's ("Valve") (collectively "Proposed Intervenors") motion for leave to intervene. ECF No. 42 ("Mot."). Proposed Intervenors request leave to intervene as of right, or for permissive intervention in the alternative. Plaintiff Lilith Games ("Lilith") and Defendants uCool, Inc. and uCool LTD ("uCool") both oppose the motion. ECF Nos. 61 ("Lilith Opp'n"), 62 ("uCool Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument. For the reasons set forth below, Plaintiffs' motion is DENIED.

///

## I. BACKGROUND

Plaintiff Lilith is a video game developer that released the game Dao Ta Chuan Qi (translated as "Sword and Tower")[1] in China in February 2014.  Lilith claims to own the copyrights in Sword and Tower's computer software.  Lilith also claims that it maintains the Sword and Tower source code as a trade secret.  In March 2015, Lilith decided to release Sword and Tower in other countries including the United States, Japan, and certain European countries.

Defendant uCool is a game marketer who published the game Heroes Charge in the United States in August 2014.

Lilith filed its Second Amended Complaint on August 10, 2015. ECF No. 83 ("SAC").  In its first claim for relief, Lilith alleges that uCool unlawfully gained access to Lilith's copyrighted computer software code embodied in Sword and Tower and copied it into the source code embodied in Heroes Charge.  Because Sword and Tower is not a United States work as defined in 17 U.S.C. Section 101, Lilith brings its copyright claim under the Berne Convention, an international agreement governing copyright.  In Lilith's second claim for relief, Lilith alleges that the Sword and Tower source code is also a trade secret and that uCool misappropriated that trade secret in violation of California's Uniform Trade Secrets Act, California Civil Code Section 3426.

In support of their copyright and trade secret claims, Lilith's SAC includes circumstantial evidence of alleged source code copying.  For example, Lilith claims that Heroes Charge

---

[1] The game has also been referred to as Dota Legends (see ECF No. 43-01 ¶ 2).  Proposed Intervenors also allege that Lilith has created and distributed an English-language version of Sword and Tower known as Dot Arena.  Mot. at 6.

2

includes a portion of Lilith's source code that causes Lilith's copyright notice to appear at a certain point in the game. The SAC also includes screenshots illustrating some of the alleged visual similarities between the two games.

Lilith has filed a motion for preliminary injunction seeking to enjoin uCool from reproducing, copying, preparing any derivative works, and/or distributing Lilith's source code. The motion will turn, in large part, on expert analysis of the source code in Sword and Tower as compared to the source code in Heroes Charge.

The instant motion to intervene was filed by Blizzard and Valve on May 29, 2015. Blizzard and Valve are American video game developers, holding copyrights in several successful games such as Warcraft III, World of Warcraft, Diablo III, and Dota 2. Their proposed complaint-in-intervention alleges that, in developing Sword and Tower and Heroes Charge, Lilith and uCool copied many of Blizzard and Valve's best-known characters. They also allege copying of "certain settings, terrain, background art," and other visual elements. Mot. at 7. Notably, however, Blizzard and Valve do not allege that Lilith or uCool copied their source code.

The proposed complaint-in-intervention alleges claims of copyright infringement against both Lilith and uCool. It seeks preliminary and permanent injunctive relief, damages, attorneys' fees and costs, and other relief.

## II.  LEGAL STANDARD

### A.  Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor

3

"claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Freedom from Religion Found. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011) (quoting California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

4

**B.   Permissive Intervention**

Pursuant to Federal Rule of Civil Procedure 24(b)(1), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."  Freedom from Religion Found., 644 F.3d at 843 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.3d 470, 473 (9th Cir. 1992)).  "Even if an applicant satisfies those threshold requirements," however, "the district court has discretion to deny permissive intervention."  Donnelly, 159 F.3d at 412.  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "[T]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties."  Perry, 587 F.3d at 955 (quoting Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)).

**III.  DISCUSSION**

**A.   Intervention as a Matter of Right**

**1.   Timeliness**

A court considers three criteria in determining whether a motion to intervene is timely: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and

5

length of [any] delay [in moving to intervene]." United States v. Oregon, 745 F.2d 550, 552 (9th Cir. 1984).

Lilith and uCool acknowledge that this action is still in its early stages. They argue that the motion to intervene is nevertheless untimely because "it would be prejudicial to the Parties to the underlying Action to allow Proposed Intervenors to inject new parties, claims, and evidence into this matter." Lilith Opp'n at 8. Those concerns, however, have little to do with whether the instant motion is timely. In order to deny a motion to intervene on the basis of timeliness, the prejudice to the other parties must be "because of the passage of time." See United States v. Oregon, 745 F.2d at 553. Because this action is still in its infancy, Lilith and uCool would not be prejudiced.

Accordingly, the Court finds that the motion to intervene is timely.

### 2. Significant Protectable Interest and Impairment of that Interest

An applicant has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." Donnelly v. Glickman, 159 F.3d 405, 409-10 (9th Cir. 1998) (citations omitted). In addition, an applicant to intervene must be "so situated that disposing of the action may as a practical matter impair or impede" its ability to protect its

6

interest. Fed. R. Civ. P. 24(a)(2). A possible stare decisis effect in the event that factual and legal determinations are reviewed on appeal "is an important consideration in determining the extent to which an applicant's interest may be impaired." United States v. State of Oregon, 839 F.2d 635, 638 (9th Cir. 1988).

The Proposed Intervenors' interest in their alleged copyrights in certain visual elements of their games, while legally protectable, is not related to the Plaintiff's claims. Lilith alleges that uCool copied its source code -- a series of alphanumeric instructions read by a computer to achieve a particular operation. The Proposed Intervenors, however, do not claim an interest in Lilith's source code. Instead, the proposed complaint-in-intervention alleges that Lilith and uCool copied "certain settings, terrain, background art," and other visual elements. Mot. at 7. Although the visual elements of a video game are generated by source code, copyrighted source code is a protectable literary work distinct from and responsible for much more than the generation of visual elements in a game. Further, any given visual element can be generated by different variations of source code. Thus, the resolution of Lilith's suit relating to its source code will not affect the Proposed Intervenors. In particular, if the Court found that Lilith had a valid copyright in portions of its source code, the Proposed Intervenors could still pursue an action against Lilith and uCool insofar as Sword and Tower and Heroes Charge contain infringing visual elements.

For these reasons, the Proposed Intervenors do not have a significant protectable interest related to the Plaintiff's claims.

Even if they did, that interest would not be impaired by the outcome of this action. Accordingly, Proposed Intervenors' request for intervention as of right is DENIED.

### 3. Adequacy of Representation

Courts consider three factors when assessing whether a present party will adequately represent the interests of an applicant for intervention:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003).

The proposed complaint-in-intervention asserts copyright infringement claims against both the Plaintiff and the Defendant. Thus, neither party can adequately represent the interests of the Proposed Intervenors.

### B. Permissive Intervention

Lilith and uCool do not dispute that the Proposed Intervenors meet the three threshold requirements for permissive intervention. They argue, however, that the Court should deny permissive intervention because it would prejudice their ability to pursue and defend against the claims in this action. See UMG Recordings, Inc. v. Bertelsmann AG, 222 F.R.D. 408, 415 (N.D.Cal. 2004) ("[T]he possibility of prejudice to the original parties is in fact the 'principal consideration' when deciding a motion to intervene."). Specifically, the parties argue that "[g]iven the distinct subject matter between Lilith's claim and Proposed Intervenors' claims, Lilith [and uCool] will have to defend against those claims with

8

different evidence and witnesses than will be at issue in Lilith's claim against uCool." Lilith Opp'n at 10.

The Court agrees that intervention will unduly delay and prejudice the adjudication of the original parties' case. See Fed. R. Civ. P. 24(b)(3). The inclusion of the Proposed Intervenors' additional claims would "necessitate the consideration of extraneous legal and factual issues that [Plaintiff's] lawsuit would not otherwise invoke," including questions relating to the artistic development of characters, settings, terrain, background art, and other visual elements. UMG Recordings, Inc., 222 F.R.D. at 414. "Such allegations would divert time and resources from the principal thrust of [Plaintiffs'] lawsuit and entangle the legal and factual issues involved therein within a web that is not of the original parties' making." Id. at 415; see also Hanni v. Am. Airlines, Inc., No. 08-cv-00732-CW, 2010 WL 289297, at *7 (N.D. Cal. 2010) (concluding that judicial economy would suffer with the addition of a proposed intervenor's new claims and issues because intervention would require additional discovery, push back deadlines, and delay the resolution of the existing case). What is more, the Proposed Intervenors have the option to bring a separate action against Lilith and uCool. "While hardly dispositive, [a prospective intervenor's] ability to pursue its claims through an alternative mechanism without any prejudice to its own rights is

///
///
///
///
///

9

significant in the context of a motion to intervene brought by that party." <u>UMG Recordings</u>, 222 F.R.D. at 415.

For these reasons, the Court DENIES the Proposed Intervenors' request for permissive intervention.

## IV. CONCLUSION

For the foregoing reasons, the motion to intervene is DENIED.

IT IS SO ORDERED.

Dated: August 17, 2015  

UNITED STATES DISTRICT JUDGE

10